Jacob Stephen Davis
71837, SCC
1252 East Arica Road
Eloy, Arizona 85131

Plaintiff Pro se

```
☒ FILED      ___ LODGED
___ RECEIVED ___ COPY

     NOV 1 8 2024

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JACOB STEPHEN DAVIS,<br>    Plaintiff,<br>vs.<br>1. STEVEN GRILL,<br>2. MONTE HANSEN,<br>3. SHAWN WEAD,<br>4. JODY BRADLEY JR.,<br>5. N. SAMBERG,<br>6. MICHEAL GAWLIK,<br>7. NORMAN CARRIER,<br>8. MISTY OLSEN,<br>9. 'JOHN' FLORES,<br>10. 'JANE' AGRODANO,<br>11. KEITH LOHMAN,<br>12. Y. GUERRERO,<br>13. 'JOHN' NAVAREZ,<br>14. AMERICA APODACA,<br>15. I. HERNANDEZ,<br>16. J. ALEXANDER,<br>17. SEVERAL UNKNOWN 'JOHN/JANE DOES', and<br>18. CORECIVIC, all in their official and individual capacities,<br>    Defendants, | Case No.: **CV24-03220-PHX-JJT--ESW**<br><br>VERIFIED CIVIL RIGHTS COMPLAINT BY PRISONERS PRO SE<br><br>**JURY TRIAL DEMANDED**<br><br>Original Complaint |

1

| STATE OF ARIZONA | ) |
|---|---|
| | ss. |
| County of Pinal | ) |

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:

   28 U.S.C.S. § 1343(a); and, 42 U.S.C.S. § 1983.

2. Institution/city where violation occurred: Saguaro Correctional Center ('SCC' hereinafter) located at: 1252 East Arica Road, City of Eloy, State of Arizona, County of Pinal.

## B. PLAINTIFF

1. Jacob Stephen Davis, Date of Birth: January 22, 1984, Idaho Department of Correction ('IDOC' hereinafter) Agency No. 71837, residing at CORECIVIC's SCC facility; and,

## C. DEFENDANTS

2. Steven GRILL is employed as: Deputy Warden of Contract Monitors at IDOC and SCC;

3. Monte HANSEN is employed as: Contract Monitor at IDOC and SCC;

4. Shawn WEAD is employed as: Warden at CORECIVIC's SCC facility;

5. Jody BRADLEY Jr. is employed as: Assistant Warden and Prison Rape Elimination Act ('PREA' hereinafter) Compliance Manager—as part of the 'Sexual Abuse Response Team' ('SART' hereinafter)—at CORECIVIC's SCC facility;

6. N. SAMBERG is employed as: Assistant Chief of Security at CORECIVIC's SCC facility;

7. Michael GAWLIK is employed as: Chief of Investigations and Secondary PREA Compliance Manager—as part of SART—at CORECIVIC's SCC facility;

8. Norman CARRIER is employed as: Chief of Unit Managers and Secondary Security Representative—as part of SART—at CORECIVIC's SCC facility;

9. Misty OLSEN is employed as: Kilo's Housing Unit Manager ('UM' hereinafter) at CORECIVIC's SCC facility;

10. 'John' FLORES is employed as: Kilo-Alpha's Correctional Counselor ('CC' hereinafter) at CORECIVIC's SCC facility;

2

11.  'Jane' AGRODANO is employed as: Kilo-Charlie's Case Manager ('CM' hereinafter) at CORECIVIC's SCC facility;

12.  Keith LOHMAN is employed as: Juliet's Housing UM at CORECIVIC's SCC facility;

13.  Y. GUERRERO is employed as: Lima-Alpha's CC at CORECIVIC's SCC facility;

14.  'John' NAVAREZ is employed as: Lima-Alpha's CM at CORECIVIC's SCC facility;

15.  America APODACA is employed as: Hotel-Bravo/Charlie's CC at CORECIVIC's SCC facility;

16.  I. HERNANDEZ is employed as: Lima-Charlie's CC at CORECIVIC's SCC facility;

17.  J. ALEXANDER is employed as: Hotel's Housing UM at CORECIVIC's SCC facility;

18.  Several Unknown 'John/Jane DOEs' are employed as: multiple unknown CORECIVIC personnel at CORECIVIC's SCC facility; and,

19.  CORECIVIC—formerly branded as Corrections Corporation of America ('CCA' hereinafter) is the parent corporation of the SCC facility where the Plaintiff currently housed.

### D. PREVIOUS LAWSUITS

1.  The Plaintiff has filed over one (1) lawsuit; however, he does not recall the exact case no.
    a.  First prior lawsuit:
        1.  *Jacob Davis v. Matthew Lytle, et al.*
        2.  filed in Ada County, Fourth Judicial District, State of Idaho with unknown Case No.
        3.  Dismissed and not appealed.

2.  The Plaintiff has filed over one (1) lawsuit; however, he does not recall the exact case no.
    a.  First prior lawsuit:
        1.  *Jacob Davis, et al. v. Steven Grill, et al.*
        2.  filed in Phoenix Division, United States District Court, District of Arizona with Case No. 2:24-cv-01075-PHX.
        3.  Severed and Dismissed without prejudice.

3.  The Plaintiff has filed over one (1) lawsuit; however, he does not recall the exact case no.
    a.  First prior lawsuit:

1. *Jacob Davis v. Steven Grill, et al.*

2. filed in Phoenix Division, United States District Court, District of Arizona with Case No. 2:24-cv-01230-PHX.

3. Dismissed without prejudice.

this does not include The Plaintiff's state post-convictions or habeas corpus, or federal habeas corpus.

### E. CAUSE OF ACTION

1. State the constitutional or other federal civil right that was violated: The Eighth Amendment for cruel and unusual punishment, the Fourteenth Amendment for equal protection and treatment under the law and liberty interest by way of contract pursuant to Idaho Code § 20-241A, and federal PREA mandates, laws and regulations.

2. **Count I:** Identify the issue involved: **Threat to Safety, Basic Necessities: Safekeeping, and Deliberate indifference**

3. **Supporting Facts:** State briefly as possible the FACTS supporting **Count I**.

Plaintiff incorporates all facts previously stated herein and incorporates the facts asserted in the simultaneously filed pleadings and attachments in Support of Preliminary Injunction and Protection Order, and further avers as follows:

The Defendants—jointly and severally—GRILL, HANSEN, WEAD, BRADLEY, SAMBERG, GAWLIK, CARRIER, OLSEN, FLORES, AGRODANO, LOHMAN, GUERRERO, NAVAREZ, APODACA, HERNANDEZ, ALEXANDER, Several Unknown 'JOHN/JANE DOES', and CORECIVIC, between the 3rd day of October, 2023 and continuing to the present date, in the County of Pinal, State of Arizona, did, while having a lawful duty to take all reasonable measure to protect and ensure the safekeeping of the Plaintiff from known unnecessary risks of harm and suffering, deliberately acted with indifference to the Plaintiff's safekeeping, health and suffering, by:
 1) while having knowledge the Plaintiff was and continues to face risks of serious harm and suffering by other inmates, to wit: the Plaintiff notified the Defendants repeatedly, to wit: spoken and written, that the Plaintiff has been—and continues to be—threatened by numerous identified inmates, in addition to having suffered physical assault by his reported assailant, to wit: Ronald Ngabirano (IDOC No. 60667) ('Jay hereinafter) punching the Plaintiff in the face, causing the Plaintiff to seek Protective Custody ('PC' hereinafter) status,
 then 2) the Defendants disregarded the Plaintiff's safekeeping, and risks to and suffering harm, by failing to take all reasonable actions and measures to prevent, to wit: idly sitting by allowing the Plaintiff to be physically assaulted without consequence to assailant, to wit: Jay assaulted the Plaintiff in the present of at least one 'JOHN/JANE DOES' Defendant and multiple cameras in which Ngabirano not being segregated, disciplined or otherwise sanctioned,
 and denying the Plaintiff PC status and disciplining for refusing to return to General Population ('GP' hereinafter) ~~then disciplining for refusing to return to GP~~ for fear of reliving prior failure-to-protect incidents, to wit: the Plaintiff being hospitalized for days after having notified staff of risks to his safety in December 2019,

4

among others incidents, receiving a minor Class disciplinary offense for disobeying direct orders (Class C – no points) which the Defendants used to place the Plaintiff into Administrative Segregation ('Ad Seg' hereinafter), to wit: long-term punitive housing reserved for violent offenses committed by inmates, further placing the Plaintiff at risk of being assaulted by being able to house other non-PC inmates from GP with him,

with the Defendants continuing to assert the "keep separate notice" in place prevents the Plaintiff from being assaulted by Jay or any others associated with Jay (as if some type of 24/7 force-field), when the Plaintiff was assaulted by Jay who was housed in a separate unit with the "keep separate notice" in place at the time;

causing the Plaintiff to suffer unnecessary injuries, to wit: physically assaulted by Jay, to wit: punched in the face; forced to re-live prior traumas, fears and risk to life, to wit: hospitalized and disfigured; and suffer emotional and mental anguish and distress, to wit: night terrors, sleepwalking, contemplating self-harm and suicide, post-traumatic stress, advanced depression, anxiety, paranoia and stress, greater distrust towards authoritative figures, and distrust in others generally;

thus violating and depriving the Plaintiff his Eighth and Fourteenth Amendment guarantees to be free from risk of serious harm, unnecessary and wanton infliction of pain and suffering, and to be allowed the basic human need to reasonable safety and liberty interest under state and federal laws, pursuant to the *cruel and unusual punishment* and *equal protection and treatment* clauses of the United States Constitution.

4.   **Injury:** State how you were injured by the actions or in actions of the Defendants.

   a.   The Plaintiff has been physically assaulted, to wit: punched in the face; forced to re-live prior traumas, fears and risk to life, to wit: hospitalized and disfigured; and forced to suffer from unnecessary emotional and mental anguish and distress, to wit: night terrors, sleepwalking, contemplating self-harm and suicide, post-traumatic stress, advanced depression, anxiety, paranoia and stress, greater distrust towards authoritative figures, and distrust in others generally.

5.   **Administrative Remedies:**

   a.   There are administrative remedies available at our institution.

   b.   Plaintiff has submitted a request for administrative relief on **Count I**.

   c.   Plaintiff has appealed his request for relief on **Count I** to the highest level.

6.   **The Plaintiff is in Imminate Risk of Irreparable Injury**

### F. CAUSE OF ACTION

1.   State the constitutional or other federal civil right that was violated: The First Amendment to seek redress if grievances, Eighth Amendment for cruel and unusual punishment, the Fourteenth Amendment for equal protection and treatment under the law, and federal PREA mandates, laws and regulations that inmates have the right to be free from sexual abuse and sexual harassment and retaliation from reporting or cooperating with any such incident and investigation.

2.  **Count II:** Identify the issue involved: **Retaliation**

3.  **Supporting Facts:** State briefly as possible the FACTS supporting **Count II**. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Plaintiff incorporates all facts previously stated herein and incorporates the facts asserted in the simultaneously filed pleadings and attachments in Support of Preliminary Injunction and Protection Order, and further avers as follows:

The Defendants—jointly and severally—GRILL, HANSEN, WEAD, BRADLEY, SAMBERG, GAWLIK, CARRIER, OLSEN, FLORES, AGRODANO, Several Unknown 'JOHN/JANE DOES', and CORECIVIC, between the 3rd day of October, 2023 and the 3rd day of January, 2024, in the County of Pinal, State of Arizona, did, while having a lawful duty to to adhere to and positively exemplify the Idaho State Board of Correction and CORECIVIC contract, provision of Idaho Code § 20-241A, IDOC's standards, policies and procedures, state and federal laws, and Constitutions of the State of Idaho and United States, while refraining from retaliating against inmates reporting, grieving or suing them ~~of~~ for cooperating in Prison Rape Elimination Act ('PREA' hereinafter) investigations, retaliated against the Plaintiff for reporting and grieving issues of opposite gender (female) staff not properly announcing their gender when entering inmate living areas, to wit: tiers, by inciting violence towards the Plaintiff, to wit: OLSEN and staff directing other inmates to assault the Plaintiff so he will stop complaining, on or between the 24th day of October, 2023 and the 25th day of October, 2023, by:

OLSEN authoring and issuing disciplinary actions against the Defendant for reporting said PREA retaliation via the PREA hot-line under false pretenses, to wit: alleging the Plaintiff refused to provide staffs' names and dates of incidents on the hot-line or to OLSEN, when the Plaintiff identified OLSEN as one of the three (3) officers inciting violence towards the Plaintiff for reporting female staff for not announcing their genders properly;

which only occurred after the Plaintiff reported and grieved OLSEN and other staff for inciting violence towards the Plaintiff for reporting staff for not announcing their gender;

none of which served to advance any legitimate penological interest, to wit: preserving institutional order and discipline, but instead, it diminished and degraded, to wit: detouring and discouraging other inmates from seeking help or protection for fear of retaliation by staff and other inmates, and forcing the Plaintiff suffer unhealthy mental and psychological injuries while placing at risk of physical assault by other inmates;

causing the Plaintiff to suffer unnecessary injuries, to wit: forced to re-live prior traumas, fears and risk to life, to wit: hospitalized and disfigured; and suffer emotional and mental anguish and distress, to wit: post-traumatic stress, depression, anxiety, paranoia and stress, greater distrust towards authoritative figures, and distrust in others generally;

thus violating and depriving the Plaintiff his First, Eighth and Fourteenth Amendment guarantees to be free from retaliation, risk of serious harm, unnecessary and wanton infliction of pain and suffering, and to be allowed the basic human need to reasonable safety and liberty interest under state and federal laws, pursuant to the *redress, cruel and unusual punishment* and *equal protection and treatment* clauses of the United States Constitution.

4.  **Injury:** State how you were injured by the actions or in actions of the Defendants.

    a.  The Plaintiff has been physically assaulted, to wit: punched in the face; forced to re-live prior traumas, fears and risk to life, to wit: hospitalized and disfigured; and forced to suffer from unnecessary emotional and mental anguish and distress, to wit: night terrors, sleepwalking, contemplating self-harm

and suicide, post-traumatic stress, advanced depression, anxiety, paranoia and stress, greater distrust towards authoritative figures, and distrust in others generally.

5.  **Administrative Remedies:**

    a.  There are administrative remedies available at our institution.

    b.  Plaintiff has submitted a request for administrative relief on **Count II**.

    c.  Plaintiff has appealed his request for relief on **Count II** to the highest level.

6.  **The Plaintiff is in Imminate Risk of Irreparable Injury.**

## G. CAUSE OF ACTION

1.  State the constitutional or other federal civil right that was violated: The First Amendment to seek redress if grievances, Eighth Amendment for cruel and unusual punishment, the Fourteenth Amendment for equal protection and treatment under the law, and federal PREA mandates, laws and regulations that inmates have the right to be free from sexual abuse and sexual harassment and retaliation from reporting or cooperating with any such incident and investigation.

2.  **Count III:** Identify the issue involved: **Retaliation**

3.  **Supporting Facts:** State briefly as possible the FACTS supporting **Count III**. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Plaintiff incorporates all facts previously stated herein and incorporates the facts asserted in the simultaneously filed pleadings and attachments in Support of Preliminary Injunction and Protection Order, and further avers as follows:

The Defendants—jointly and severally—GRILL, HANSEN, WEAD, BRADLEY, SAMBERG, GAWLIK, CARRIER, OLSEN, FLORES, AGRODANO, LOHMAN, GUERRERO, NAVAREZ, APODACA, HERNANDEZ, ALEXANDER, Several Unknown 'JOHN/JANE DOES', and CORECIVIC, between the 3rd day of October, 2023 and the 24th day of June, 2024, in the County of Pinal, State of Arizona, did, while having a lawful duty to to adhere to and positively exemplify the Idaho State Board of Correction and CORECIVIC contract, provision of Idaho Code § 20-241A, IDOC's standards, policies and procedures, state and federal laws, and Constitutions of the State of Idaho and United States, while refraining from retaliating against inmates reporting, grieving or suing them of for cooperating in PREA investigations, retaliated against the Plaintiff and his cousin—Baylee Samuel Farrell (Agency No. 151360), by:

hindering beneficial and healthful familial support, guidance and structure in practicing pro-social skills, thoughts and actions, to wit: reporting other inmates' PREA related misconducts and staffs' misconducts, in the Plaintiff's and his cousin's mental and psychological recovery and rehabilitation; Defendants using disciplinary action and threats of physical injury to detour them from making further PREA reports; preventing from housing

on the same tier and cell under false pretenses when previously approved to be housed in the same cell before initially reporting PREA issues; allowing the Plaintiff to be physically assaulted and his cousin to be raped by another inmate repeatedly for months; and, not investigating either of their reports of ongoing PREA issues by the Defendants and other inmates;

which only occurred after the Plaintiff and his cousin reported, grieved and sued the Defendants for failure to protect, over other retaliatory actions by staff and other inmates, and deliberate indifference to the Plaintiff's and his cousin's safety and suffering;

none of which served to advance any legitimate penological interest, to wit: preserving institutional order and discipline, but instead, it diminished and degraded, to wit: detouring and discouraging other inmates from seeking help or protection for fear of retaliation by staff and other inmates, and forcing the Plaintiff suffer unhealthy mental and psychological injuries while placing at risk of physical assault by other inmates;

causing the Plaintiff to suffer unnecessary injuries, to wit: physically assaulted by Jay, to wit: punched in the face; forced to re-live prior traumas, fears and risk to life, to wit: hospitalized and disfigured; and suffer emotional and mental anguish and distress, to wit: night terrors, sleepwalking, contemplating self-harm and suicide, post-traumatic stress, advanced depression, anxiety, paranoia and stress, greater distrust and hatred towards authoritative figures, and distrust in others generally;

thus violating and depriving the Plaintiff his First, Eighth and Fourteenth Amendment guarantees to be free from retaliation, risk of serious harm, unnecessary and wanton infliction of pain and suffering, and to be allowed the basic human need to reasonable safety and liberty interest under state and federal laws, pursuant to the *redress, cruel and unusual punishment* and *equal protection and treatment* clauses of the United States Constitution.

4. **Injury:** State how you were injured by the actions or in actions of the Defendants.

   a.  The Plaintiff has been physically assaulted, to wit: punched in the face; forced to re-live prior traumas, fears and risk to life, to wit: hospitalized and disfigured; and forced to suffer from unnecessary emotional and mental anguish and distress, to wit: night terrors, sleepwalking, contemplating self-harm and suicide, post-traumatic stress, advanced depression, anxiety, paranoia and stress, greater distrust towards authoritative figures, and distrust in others generally.

5. **Administrative Remedies:**

   a.  There are administrative remedies available at our institution.

   b.  Plaintiff has submitted a request for administrative relief on **Count III**.

   c.  Plaintiff has appealed his request for relief on **Count III** to the highest level.

6. **The Plaintiff is in Imminate Risk of Irreparable Injury.**

## H. CAUSE OF ACTION

1.  State the constitutional or other federal civil right that was violated: The First Amendment to seek redress if grievances, Eighth Amendment for cruel and unusual punishment, the Fourteenth Amendment for equal protection and treatment under the law, and federal PREA mandates, laws and regulations that inmates

8

have the right to be free from sexual abuse and sexual harassment and retaliation from reporting or cooperating with any such incident and investigation.

2. **Count IV:** Identify the issue involved: **Retaliation**

3. **Supporting Facts:** State briefly as possible the FACTS supporting **Count IV**. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Plaintiff incorporates all facts previously stated herein and incorporates the facts asserted in the simultaneously filed pleadings and attachments in Support of Preliminary Injunction and Protection Order, and further avers as follows:

The Defendants—jointly and severally—GRILL, HANSEN, WEAD, BRADLEY, SAMBERG, GAWLIK, CARRIER, OLSEN, FLORES, AGRODANO, LOHMAN, GUERRERO, NAVAREZ, APODACA, HERNANDEZ, ALEXANDER, Several Unknown 'JOHN/JANE DOES', and CORECIVIC, between the 3rd day of October, 2023 and the 24th day of June, 2024, in the County of Pinal, State of Arizona, did, while having a lawful duty to to adhere to and positively exemplify the Idaho State Board of Correction and CORECIVIC contract, provision of Idaho Code § 20-241A, IDOC's standards, policies and procedures, state and federal laws, and Constitutions of the State of Idaho and United States, while refraining from retaliating against inmates reporting, grieving or suing them of for cooperating in PREA investigations, retaliated against the Plaintiff and his cousin—Baylee Samuel Farrell (Agency No. 151360), by:

informing other inmates what the Plaintiff and his cousin reported to staff and the Defendants about other inmates, and distributing to other inmates duplicates of the printed reports that the Plaintiff and his cousin submit to staff and the Defendants reporting other inmates, to wit: other inmates sexually harassing, sexually assaulting, threatening with physical harm, and physically assaulting the Plaintiff and his cousin and for seeking Protective Custody from other inmates and staff;

which only occurred after the Plaintiff and his cousin reported, grieved and sued the Defendants for failure to protect, over other retaliatory actions by staff and other inmates, and deliberate indifference to the Plaintiff's and his cousin's safety and suffering;

none of which served to advance any legitimate penological interest, to wit: preserving institutional order and discipline, but instead, it diminished and degraded, to wit: detouring and discouraging other inmates from seeking help or protection for fear of retaliation by staff and other inmates, and forcing the Plaintiff suffer unhealthy mental and psychological injuries while placing at risk of physical assault by other inmates;

causing the Plaintiff to suffer unnecessary injuries, to wit: physically assaulted by Jay, to wit: punched in the face; forced to re-live prior traumas, fears and risk to life, to wit: hospitalized and disfigured; and suffer emotional and mental anguish and distress, to wit: night terrors, sleepwalking, contemplating self-harm and suicide, post-traumatic stress, advanced depression, anxiety, paranoia and stress, greater distrust and hatred towards authoritative figures, and distrust in others generally;

thus violating and depriving the Plaintiff his First, Eighth and Fourteenth Amendment guarantees to be free from retaliation, risk of serious harm, unnecessary and wanton infliction of pain and suffering, and to be allowed the basic human need to reasonable safety and liberty interest under state and federal laws, pursuant to the *redress, cruel and unusual punishment* and *equal protection and treatment* clauses of the United States Constitution.

4. **Injury:** State how you were injured by the actions or in actions of the Defendants.

   a. The Plaintiff has been physically assaulted, to wit: punched in the face; forced to re-live prior

traumas, fears and risk to life, to wit: hospitalized and disfigured; and forced to suffer from unnecessary emotional and mental anguish and distress, to wit: night terrors, sleepwalking, contemplating self-harm and suicide, post-traumatic stress, advanced depression, anxiety, paranoia and stress, greater distrust towards authoritative figures, and distrust in others generally.

5. **Administrative Remedies:**

   a. There are administrative remedies available at our institution.

   b. Plaintiff has submitted a request for administrative relief on **Count IV**.

   c. Plaintiff has appealed his request for relief on **Count IV** to the highest level.

6. **The Plaintiff is in Imminate Risk of Irreparable Injury.**

## I. CAUSE OF ACTION

1. State the constitutional or other federal civil right that was violated: The First Amendment to seek redress if grievances, Eighth Amendment for cruel and unusual punishment, the Fourteenth Amendment for equal protection and treatment under the law, and federal PREA mandates, laws and regulations that inmates have the right to be free from sexual abuse and sexual harassment and retaliation from reporting or cooperating with any such incident and investigation.

2. **Count VII:** Identify the issue involved: **Retaliation**

3. **Supporting Facts:** State briefly as possible the FACTS supporting **Count V**. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Plaintiff incorporates all facts previously stated herein and incorporates the facts asserted in the simultaneously filed pleadings and attachments in Support of Preliminary Injunction and Protection Order, and further avers as follows:

The Defendants—jointly and severally—GRILL, HANSEN, WEAD, BRADLEY, SAMBERG, GAWLIK, CARRIER, OLSEN, FLORES, AGRODANO, LOHMAN, GUERRERO, NAVAREZ, APODACA, HERNANDEZ, ALEXANDER, Several Unknown 'JOHN/JANE DOES', and CORECIVIC, between the 3rd day of October, 2023 and the 23rd day of May, 2024, in the County of Pinal, State of Arizona, did, while having a lawful duty to to adhere to and positively exemplify the Idaho State Board of Correction and CORECIVIC contract, provision of Idaho Code § 20-241A, IDOC's standards, policies and procedures, state and federal laws, and Constitutions of the State of Idaho and United States, while refraining from retaliating against inmates reporting, grieving or suing them ~~of~~ for cooperating in PREA investigations, retaliated against the Plaintiff, by:
denying the Plaintiff Protective Custody status based on an investigation conducted of the Plaintiff's

Protective Custody application and reports generated therefrom alleging there was "no evidence" to support the Plaintiff's claims, to wit: that eleven (11) other inmates posed threats against the Plaintiff in addition to the Defendants retaliating further, then placed in Administrative Segregation and later on Protective Custody when determined the Plaintiff in fact needed protection;

which only occurred after the Plaintiff and his cousin reported, grieved and sued the Defendants for failure to protect, over other retaliatory actions by staff and other inmates, and deliberate indifference to the Plaintiff's and his cousin's safety and suffering;

none of which served to advance any legitimate penological interest, to wit: preserving institutional order and discipline, but instead, it diminished and degraded, to wit: detouring and discouraging other inmates from seeking help or protection for fear of retaliation by staff and other inmates, and forcing the Plaintiff suffer unhealthy mental and psychological injuries while placing at risk of physical assault by other inmates;

causing the Plaintiff to suffer unnecessary injuries, to wit: physically assaulted by Jay, to wit: punched in the face; forced to re-live prior traumas, fears and risk to life, to wit: hospitalized and disfigured; and suffer emotional and mental anguish and distress, to wit: night terrors, sleepwalking, contemplating self-harm and suicide, post-traumatic stress, advanced depression, anxiety, paranoia and stress, greater distrust and hatred towards authoritative figures, and distrust in others generally;

thus violating and depriving the Plaintiff his First, Eighth and Fourteenth Amendment guarantees to be free from retaliation, risk of serious harm, unnecessary and wanton infliction of pain and suffering, and to be allowed the basic human need to reasonable safety and liberty interest under state and federal laws, pursuant to the *redress, cruel and unusual punishment* and *equal protection and treatment* clauses of the United States Constitution.

4. **Injury:** State how you were injured by the actions or in actions of the Defendants.

   a. The Plaintiff has been physically assaulted, to wit: punched in the face; forced to re-live prior traumas, fears and risk to life, to wit: hospitalized and disfigured; and forced to suffer from unnecessary emotional and mental anguish and distress, to wit: night terrors, sleepwalking, contemplating self-harm and suicide, post-traumatic stress, advanced depression, anxiety, paranoia and stress, greater distrust towards authoritative figures, and distrust in others generally.

5. **Administrative Remedies:**

   a. There are administrative remedies available at our institution.

   b. Plaintiff has submitted a request for administrative relief on **Count V**.

   c. Plaintiff has appealed his request for relief on **Count V** to the highest level.

6. **The Plaintiff is in Imminate Risk of Irreparable Injury.**

## J. CAUSE OF ACTION

1. State the constitutional or other federal civil right that was violated: The First Amendment to seek redress if grievances, Eighth Amendment for cruel and unusual punishment, the Fourteenth Amendment for equal protection and treatment under the law, and federal PREA mandates, laws and regulations that inmates

11

have the right to be free from sexual abuse and sexual harassment and retaliation from reporting or cooperating with any such incident and investigation.

2. **Count VI:** Identify the issue involved: **Retaliation**

3. **Supporting Facts:** State briefly as possible the FACTS supporting **Count VI**. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Plaintiff incorporates all facts previously stated herein and incorporates the facts asserted in the simultaneously filed pleadings and attachments in Support of Preliminary Injunction and Protection Order, and further avers as follows:

The Defendants—jointly and severally—GRILL, HANSEN, WEAD, BRADLEY, SAMBERG, GAWLIK, CARRIER, OLSEN, FLORES, AGRODANO, LOHMAN, GUERRERO, NAVAREZ, APODACA, HERNANDEZ, ALEXANDER, Several Unknown 'JOHN/JANE DOES', and CORECIVIC, between the 22nd day of March, 2024 and the 24th day of April, 2024, in the County of Pinal, State of Arizona, did, while having a lawful duty to to adhere to and positively exemplify the Idaho State Board of Correction and CORECIVIC contract, provision of Idaho Code § 20-241A, IDOC's standards, policies and procedures, state and federal laws, and Constitutions of the State of Idaho and United States, while refraining from retaliating against inmates reporting, grieving or suing them of for cooperating in PREA investigations, retaliated against the Plaintiff and his cousin—Baylee Samuel Farrell (Agency No. 151360), by:

housing the Plaintiff in the same unit as his reported abuser/assailant in direct violation of established "appropriate safety measures," to wit: the Plaintiff *must* not be housed in the same unit as his reported abuser, and placed at higher risk of being assaulted again;

which only occurred after the Plaintiff and his cousin reported, grieved and sued the Defendants for failure to protect, over other retaliatory actions by staff and other inmates, and deliberate indifference to the Plaintiff's and his cousin's safety and suffering;

none of which served to advance any legitimate penological interest, to wit: preserving institutional order and discipline, but instead, it diminished and degraded, to wit: detouring and discouraging other inmates from seeking help or protection for fear of retaliation by staff and other inmates, and forcing the Plaintiff suffer unhealthy mental and psychological injuries while placing at risk of physical assault by other inmates;

causing the Plaintiff to suffer unnecessary injuries, to wit: physically assaulted by Jay, to wit: punched in the face; forced to re-live prior traumas, fears and risk to life, to wit: hospitalized and disfigured; and suffer emotional and mental anguish and distress, to wit: night terrors, sleepwalking, contemplating self-harm and suicide, post-traumatic stress, advanced depression, anxiety, paranoia and stress, greater distrust and hatred towards authoritative figures, and distrust in others generally;

thus violating and depriving the Plaintiff his First, Eighth and Fourteenth Amendment guarantees to be free from retaliation, risk of serious harm, unnecessary and wanton infliction of pain and suffering, and to be allowed the basic human need to reasonable safety and liberty interest under state and federal laws, pursuant to the *redress, cruel and unusual punishment* and *equal protection and treatment* clauses of the United States Constitution.

4. **Injury:** State how you were injured by the actions or in actions of the Defendants.

   a. The Plaintiff has been physically assaulted, to wit: punched in the face; forced to re-live prior traumas, fears and risk to life, to wit: hospitalized and disfigured; and forced to suffer from unnecessary

emotional and mental anguish and distress, to wit: night terrors, sleepwalking, contemplating self-harm and suicide, post-traumatic stress, advanced depression, anxiety, paranoia and stress, greater distrust towards authoritative figures, and distrust in others generally.

5. **Administrative Remedies:**

   a. There are administrative remedies available at our institution.

   b. Plaintiff has submitted a request for administrative relief on **Count VI**.

   c. Plaintiff has appealed his request for relief on **Count VI** to the highest level.

6. **The Plaintiff is in Imminate Risk of Irreparable Injury.**

### K. CAUSE OF ACTION

1. State the constitutional or other federal civil right that was violated: The First Amendment to seek redress if grievances, Eighth Amendment for cruel and unusual punishment, the Fourteenth Amendment for equal protection and treatment under the law, and federal PREA mandates, laws and regulations that inmates have the right to be free from sexual abuse and sexual harassment and retaliation from reporting or cooperating with any such incident and investigation.

2. **Count VII:** Identify the issue involved: **Retaliation**

3. **Supporting Facts:** State briefly as possible the FACTS supporting **Count VII**. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Plaintiff incorporates all facts previously stated herein and incorporates the facts asserted in the simultaneously filed pleadings and attachments in Support of Preliminary Injunction and Protection Order, and further avers as follows:

The Defendants—jointly and severally—GRILL, HANSEN, WEAD, BRADLEY, SAMBERG, GAWLIK, CARRIER, OLSEN, FLORES, AGRODANO, LOHMAN, GUERRERO, NAVAREZ, APODACA, HERNANDEZ, ALEXANDER, Several Unknown 'JOHN/JANE DOES', and CORECIVIC, between the 8th day of May, 2024 and the present, in the County of Pinal, State of Arizona, did, while having a lawful duty to to adhere to and positively exemplify the Idaho State Board of Correction and CORECIVIC contract, provision of Idaho Code § 20-241A, IDOC's standards, policies and procedures, state and federal laws, and Constitutions of the State of Idaho and United States, while refraining from retaliating against inmates reporting, grieving or suing them of for cooperating in PREA investigations, retaliated against the Plaintiff and his cousin—Baylee Samuel Farrell (Agency No. 151360), by:
  depriving the Plaintiff meaningful access to courts, to wit: preventing the Plaintiff from accessing services to mail and copy legal materials, and access stored legal materials, which prevented the Plaintiff from timely filing

his amended complaint in an earlier version of this case seeking preliminary injunctions and protection orders against the Defendants;

which only occurred after the Plaintiff and his cousin reported, grieved and sued the Defendants for failure to protect, over other retaliatory actions by staff and other inmates, and deliberate indifference to the Plaintiff's and his cousin's safety and suffering;

none of which served to advance any legitimate penological interest, to wit: preserving institutional order and discipline, but instead, it diminished and degraded, to wit: detouring and discouraging other inmates from seeking help or protection for fear of retaliation by staff and other inmates, and forcing the Plaintiff suffer unhealthy mental and psychological injuries while placing at risk of physical assault by other inmates;

causing the Plaintiff to suffer unnecessary injuries, to wit: physically assaulted by Jay, to wit: punched in the face; forced to re-live prior traumas, fears and risk to life, to wit: hospitalized and disfigured; and suffer emotional and mental anguish and distress, to wit: night terrors, sleepwalking, contemplating self-harm and suicide, post-traumatic stress, advanced depression, anxiety, paranoia and stress, greater distrust and hatred towards authoritative figures, and distrust in others generally;

thus violating and depriving the Plaintiff his First, Eighth and Fourteenth Amendment guarantees to be free from retaliation, risk of serious harm, unnecessary and wanton infliction of pain and suffering, and to be allowed the basic human need to reasonable safety and liberty interest under state and federal laws, pursuant to the *redress, cruel and unusual punishment* and *equal protection and treatment* clauses of the United States Constitution.

4.   **Injury:** State how you were injured by the actions or in actions of the Defendants.

   a.   The Plaintiff has been physically assaulted, to wit: punched in the face; forced to re-live prior traumas, fears and risk to life, to wit: hospitalized and disfigured; and forced to suffer from unnecessary emotional and mental anguish and distress, to wit: night terrors, sleepwalking, contemplating self-harm and suicide, post-traumatic stress, advanced depression, anxiety, paranoia and stress, greater distrust towards authoritative figures, and distrust in others generally.

5.   **Administrative Remedies:**

   a.   There are administrative remedies available at our institution.

   b.   Plaintiff has submitted a request for administrative relief on **Count VI**.

   c.   Plaintiff has appealed his request for relief on **Count VI** to the highest level.

6.   **The Plaintiff is in Imminate Risk of Irreparable Injury.**

## L. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully pray this Honorable Court grant the following relief:

1.   **DECLARE** that Defendants GRILL's, HANSEN's, WEAD's, BRADLEY's, SAMBERG's, GAWLIK's, CARRIER's, OLSEN's, FLORES', AGRODANO's, LOHMAN's, GUERRERO's, NAVAREZ's, APODACA's, HERNANDEZ's, ALEXANDER's, Several Unknown 'JOHN/JANE DOES's, and CORECIVIC's acts and omissions violated and deprived the Plaintiff of his constitutional rights, and federal

PREA laws and mandates.

2.     **ENTER** temporary and permanent preliminary injunctions requiring Defendants GRILL's, HANSEN's, WEAD, BRADLEY, SAMBERG, GAWLIK, CARRIER, OLSEN, FLORES, AGRODANO, LOHMAN, GUERRERO, NAVAREZ, APODACA, HERNANDEZ, ALEXANDER, Several Unknown 'JOHN/JANE DOES', CORECIVIC, and their personnel, agents, subordinates, successors in office, employees and all other persons working in concert or participation with them—in their official capacity—to:

    a.     work adamantly transport the Plaintiff—within sixty (60) calendar days—from Defendant CORECIVIC's SCC facility to be housed in-state—Idaho—at one of IDOC's owned and operated facilities;

    b.     when transporting the Plaintiff back to the State of Idaho the Defendant cannot use the 'black box' units and must utilize IDOC's standards, to wit: belly chain with cuffs at the side and shackled at the ankles, and CORECIVIC's method of chaining one inmate to another;

    c.     house the Plaintiff as protective custody status while housed at any one (1) of Defendant CORECIVIC's facilities, in compliance with IDOC's standards, policies, and procedures, pursuant to the contract, Idaho Code § 20-241A, and the Constitutions of the State of Idaho and United States, with the following requirements:

        1.     the day-room be equipped with a JPay kiosk for all IDOC inmates to access;

        2.     not be escorted outside their cell, tier or unit in restraints—unless on detention status—as offered to general population inmates of the same custody level;

        3.     cannot house any inmates from other contracts, to wit: Hawaiians, New Mexico, Florida, etc., on the same tier as IDOC inmates housed detention, administrative segregation or protective custody status;

        4.     cannot house IDOC inmates housed detention or administrative segregated status on the same tier as protective custody inmates;

        5.     recreation be equipped with basic exercise equipment as offered to general population inmates of the same custody level;

        6.     allowed daily access to day-room activities as offered to general population inmates of the same custody level, to wit: phones, showers, exercise equipment, kiosks, microwaves, etc.;

        7.     have access to law library kiosk (portable) within the living cells seven (7) days a week when scheduled; and,

        8.     have access to same legal resources as offered to general population inmates of the same custody level, to wit: data storage (USB flash drive), printing and copying, etc.

    d.     transfer the Plaintiff's legal USB Flash Drive (#89) with the Plaintiff when transferring back to Idaho to be stored at and IDOC Access to Court ('ATC' hereinafter) resource area at the facility where

the Plaintiff will reside;

e. within fourteen (14) calendar days of the Plaintiff returning to the State of Idaho, he shall be transferred and house with his cousin—Baylee Samuel Farrell (Agency No. 151360)—in the same facility, housing unit, tier and cell or cubical (if dormitory), and shall continue to do so while they are naturally classified at the same custody level and housing status, to wit: General Population or Protective Custody, until one (1) requests otherwise, and shall be subject to disciplinary actions should they in the future be found in violation of any applicable institutional policy, guideline, or rule, that pertain specifically to their living conditions;

f. authorize the Plaintiff to correspond and associate with his cousin—Baylee Samuel Farrell (Agency No. 151360)—regardless one (1) or both is incarcerated, on probation or parole, or their sentence is satisfied, vacated, or pardoned;

g. not house the Plaintiff at any private prison contractor's facility—regardless whether with-in or with-out of the territorial boundaries of the State of Idaho—without first obtaining the Plaintiff's written consent;

h. not house the Plaintiff at any facility owned, leased, maintained, managed, or otherwise overseen by Defendant CORECIVIC or any future re-branding thereof or parent or child legal entity or corporation thereof or their personnel, agents, subordinates, successors in office, employees and all other persons working in concert or participation with them, for the duration of the Plaintiff's term of imprisonment with the Idaho State Board of Correction;

i. prevent from housing the Plaintiff within the same facility, regardless whether within or without the territorial boundaries of the State of Idaho, where any of the following inmates are being housed, for the duration of the Plaintiff's term of imprisonment with the Idaho State Board of Correction:

| | |
|---|---|
| Ronald 'Jay' Ngabirano (Agency No. 60667) | "Mouse" (Agency No. 1____) |
| Radamés 'Ruiz' Rayo-Ruiz (Agency No. 126093) | "Jay Jay" (Agency No. 1____) |
| Robbie Crow (Agency No. 60085) | "Junior" (Agency No. ____) |
| Grayson Thurston (Agency No. 135524) | Serrano (Agency No. 1____) |
| James Whitewater (Agency No. 86286) | Juventino Torrez (Agency No. 75234) |
| Matthew Crawford (Agency No. 14____) | Anthony "Tony" (Agency No. ____) |
| Patrick "Wreckless" Holland (Agency No. 14____) | Sanchez (Agency No. 1____) |
| Tyler Stevenson (Agency No. 109671) | Nicholas 'Nick' Reno (Agency No. 8____) |
| Ian "Soulless" Cobb (Agency No. 138707) | Jeffery Eperson (Agency No. 3__ of 5__) |

| | |
|---|---|
| Andrew Wolf (Agency No. 35_____) | Justin "Charity" Sharp (Agency No. 6_____) |
| Justin Killary (Agency No. 85229) | Brian Plant (Agency No. 113104) |
| _____ "Fingers" Crawford (Agency No. _____) | |

j. allow the Plaintiff to purchase at his own expense and retain in his personal property—except where specified otherwise—for legal purposes:

   1. Microsoft Surface Pro or other similar touch screen tablet—with internet connection hardware permanently disabled by the manufacture or service center—to be pre-loaded with:
      A. Microsoft Office or similar word processing, spreadsheet, etc. type applications;
      B. LexisNexis;
      C. Adobe Reader; and,
      D. other software necessary to review audio(visual) evidence.
   2. Detachable keyboard;
   3. Stylus;
   4. Soft storage case;
   5. Protective hardcover case;
   6. Compatible earbuds or headset if wireless required;
   7. Document scanner (to be stored at the facility's Access to Court Center or Law Library for the Plaintiff to check-out when needed); and,
   8. USB 3.1 to USB Type-C Jump/Flash Drive (to be stored at the facility's Access to Court Center or Law Library for the Plaintiff to needs to print files).

   All of which shall be subject to search procedures outlined by IDOC's Standard Operating Procedures ('SOP' hereinafter) for searches with a paralegal present, and subject to disciplinary actions should the Plaintiff in the future be found in violation of any applicable institutional policy, guideline, or rule, that pertain specifically to these legal materials;

k. not house any other IDOC inmate on PC status at or within CORECIVIC's SCC facility's detention housing tier for more than one hundred twenty (120) calendar days after they initially sought the status, before transporting to Idaho for appropriate housing.

3. ENTER temporary restraining and/or protection order preventing Defendants GRILL's, HANSEN's, WEAD, BRADLEY, SAMBERG, GAWLIK, CARRIER, OLSEN, FLORES, AGRODANO, LOHMAN, GUERRERO, NAVAREZ, APODACA, HERNANDEZ, ALEXANDER, Several Unknown 'JOHN/JANE DOES', CORECIVIC—in their official and individual capacities—from:

   a. harassing, annoying, disturbing the peace of, telephoning, contacting, or otherwise communicating

with—either directly or indirectly, in person or though other persons—either the Plaintiff—excluding emergency incidents at which point all contacts must be audio-visual recorded and as minimal as is necessary, ~~with both DAVIS present (unless they request otherwise in writing)~~; and, (JD)

  b. preventing from entering the Plaintiff's assigned housing tier—excluding emergency incidents at which point all contacts must be audio-visual recorded and as minimal as is necessary, ~~with both DAVIS present (unless they request otherwise in writing)~~. (JD)

4. **GRANT** any and all Special Masters this Court deems necessary to investigate, audit and enforce the terms of IDOC's contract with CORECIVIC as mandated by the provisions of Idaho Code § 20-241A—based on this Courts interpretation—with regard to the compliance with IDOC's standards, policies and procedures pertaining to the safekeeping, care, subsistence, housing, custody, control, treatment, and programming of IDOC inmates housed at CORECIVIC's SCC facility, at the Defendants' expense.

5. **IMPOSE** any and all sanctions for non-compliance with the provisions of Idaho Code § 20-241A and terms of the contract.

6. **INTERPRET** the provision of Idaho Code § 20-241A for any and all Special Masters to utilize when investigating, auditing and enforcing, in addition to being used in this case.

7. **ORDER** that Defendants GRILL, HANSEN, WEAD, BRADLEY, SAMBERG, GAWLIK, CARRIER, OLSEN, FLORES, AGRODANO, LOHMAN, GUERRERO, NAVAREZ, APODACA, HERNANDEZ, ALEXANDER, Several Unknown 'JOHN/JANE DOES', and CORECIVIC shall have one hundred twenty (120) calendar days to bring CORECIVIC's facility and personnel into compliance with any and all applicable IDOC standards, policies and procedures pertaining to the safekeeping, care, subsistence, housing, custody, control, treatment, and programming of IDOC inmates housed at CORECIVIC's SCC facility, at the Defendants' expense.

8. **AWARD** compensatory damages as follows:
  a. As much as the Plaintiff is lawfully entitled to—jointly and severally—against Defendants GRILL, HANSEN, WEAD, BRADLEY, SAMBERG, GAWLIK, CARRIER, OLSEN, FLORES, AGRODANO, LOHMAN, GUERRERO, NAVAREZ, APODACA, HERNANDEZ, ALEXANDER, Several Unknown 'JOHN/JANE DOES', and CORECIVIC—in their individual capacities—for each day the Plaintiff was made to reside in the same unit and facility as Jay after reporting to the Defendants; for allowing the Plaintiff to be physically assaulted by Jay; and, for each day the Plaintiff was made to seek protective custody due to the Defendants' deliberate indifference to the safety of the Plaintiff in failing to protect.

9. **AWARD** nominal damages as follows:
  a. As much as the Plaintiff is lawfully entitled to—jointly and severally—against Defendants GRILL, HANSEN, WEAD, BRADLEY, SAMBERG, GAWLIK, CARRIER, OLSEN, FLORES, AGRODANO, LOHMAN, GUERRERO, NAVAREZ, APODACA, HERNANDEZ, ALEXANDER, and Several

Unknown 'JOHN/JANE DOES'—in their individual capacities—for their deliberate indifference to the safety and well-being of the Plaintiff; and,

b. As much as the Plaintiff is lawfully entitled to—jointly and severally—against Defendant CORECIVIC—in its official and individual capacities—for its deliberate indifference to the safety and well-being of the Plaintiff.

10. **AWARD** punitive damages as follows:

a. As much as the Plaintiff is lawfully entitled to—jointly and severally—against Defendants GRILL, HANSEN, WEAD, BRADLEY, SAMBERG, GAWLIK, CARRIER, OLSEN, FLORES, AGRODANO, LOHMAN, GUERRERO, NAVAREZ, APODACA, HERNANDEZ, ALEXANDER, and Several Unknown 'JOHN/JANE DOES'—in their individual capacities—for their deliberate indifference to the safety and well-being of the Plaintiff; and,

b. As much as the Plaintiff is lawfully entitled to—jointly and severally—against Defendant CORECIVIC—in its official and individual capacities—for its deliberate indifference to the safety and well-being of the Plaintiff.

11. **AWARD** to the Plaintiff—jointly and severally—against Defendants GRILL, HANSEN, WEAD, BRADLEY, SAMBERG, GAWLIK, CARRIER, OLSEN, FLORES, AGRODANO, LOHMAN, GUERRERO, NAVAREZ, APODACA, HERNANDEZ, ALEXANDER, Several Unknown 'JOHN/JANE DOES', and CORECIVIC for all legal fees incurred by the Plaintiff in prosecuting this case, to include but not limited to: filing and service fees, postage, copies, research, drafting, and man hours; and,

12. **GRANT** such other and further relief that this Court deems necessary and which the Petitioners are lawfully entitled.

**VERIFICATION UNDER PENALTY OR PERJURY**

I HEREBY CERTIFY under penalty of perjury that the foregoing is true and accurate to the best of my personal knowledge.

Dated this 25th day of September, 2024.

Jacob-Stephen Davis
Petitioner